# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2010

137970

MIMOZA NECI,
          Plaintiff,

and

VERA NECI,
          Plaintiff-Appellant,

v

VANNICE ARRIN STEEL, JR., CLARA
JONES, and ANITA TERRY,
          Defendants,

and

CITIZENS INSURANCE COMPANY OF
AMERICA,
          Defendant-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 137970
COA: 277069
Wayne CC: 05-523483-NI

By order of August 20, 2009, the application for leave to appeal the November 13, 2008 judgment of the Court of Appeals was held in abeyance pending the decision in *McCormick v Carrier* (Docket No. 136738). On order of the Court, the case having been decided on July 31, 2010, 487 Mich ___ (2010), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the judgments of the Court of Appeals and the Wayne Circuit Court, and we REMAND this case to the trial court for reconsideration in light of *McCormick*.

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).

YOUNG, J. (*concurring*).

I reluctantly concur in this Court's order remanding this case for reconsideration in light of this Court's recent decision in *McCormick v Carrier*, 487 Mich ___ (2010).

Although I joined and continue to subscribe to Justice MARKMAN's dissenting opinion in that case, *McCormick* now controls when a person may recover in tort for non-economic loss under the no fault act. The *McCormick* dissent astutely noted that "[b]y nullifying the legislative compromise that was struck when the no-fault act was adopted—a compromise grounded in concerns over excessive litigation, the overcompensation of minor injuries, and the availability of affordable insurance—the Court's decision today will restore a legal environment in which each of these hazards reappear and threaten the continued fiscal integrity of our no-fault system." One could probably not design a factual scenario that illustrates the embodiment of these concerns better than the facts presented in this case.

Plaintiff here is a child who broke her non-dominant arm when she was involved in an automobile accident. She was limited in activities that one would normally expect would be restricted during the normal healing process and timeframe—about three months. Specifically, plaintiff apparently could not carry her backpack to school, could not help her mother with household chores, and received attendant care for a portion of the time injured to assist with normal daily activities, such as dressing, bathing, and feeding. Additionally, plaintiff *self-limited* herself from playing recreational sports during recess and decided not to go to school on occasion even though her doctor placed no such limitations on her activities.

Quite simply, if this injury is deemed a "serious impairment of body function" for the purposes of recovery under the no-fault act—the type of impairment that was legislatively grouped with "death" and "permanent serious disfigurement"—it is difficult to imagine what injury would *not* qualify for non-economic compensation under this Court's new *McCormick* standard. Children often break bones and their activities are appropriately reduced to account for their temporary injuries. The injury here and the corresponding limitations imposed upon plaintiff are so *un*extraordinary that it simply cannot be said that plaintiff suffered a "serious impairment" or that her general ability to lead a normal life was affected in this case.

Unfortunately, the majority's decision in *McCormick* to strip MCL 500.3135 of any meaningful limitation by removing the statutory limitations imposed by the Legislature produces a situation of seemingly unlimited liability that will require courts to wrestle with the question of what constitutes a "serious impairment of body function" without meaningful and defined guidance from their State's senior Court. This case thus brings to life the concern noted by Justice MARKMAN in his *McCormick* dissent that "I am not sure that the majority's new threshold can even be called a 'threshold' when it can be satisfied in virtually every automobile accident case that results in injury." I believe without question that plaintiff here cannot validly claim to have been seriously impaired in any relevant aspect of her life. Nevertheless, because *McCormick* now governs the

analysis to this question, I feel compelled to allow the trial court to address this question anew.

CORRIGAN and MARKMAN, JJ., join the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2010

_Corbin R. Davis_
Clerk

d1124